SEYFARTH SHAW LLP
Mark P. Grajski (SBN 178050)
mgrajski@seyfarth.com
Lindsay S. Fitch (SBN 238227)
lfitch@seyfarth.com
Anthony J. Musante (SBN 252097)
amusante@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone:    (916) 448-0159
Facsimile:    (916) 558-4839

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION,

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT HASBROOK,<br><br>                Plaintiff,<br><br>        v.<br><br>COSTCO WHOLESALE CORPORATION,<br>and DOES 1 to 20,<br><br>                Defendants. | Case No. CV 13-2461 LHK<br><br>**JOINT STATUS REPORT**<br><br>Complaint Filed:  March 4, 2013<br>FAC Filed:        July 11, 2013 |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16-9, and the Court's Standing Order regarding the contents of Joint Case Management Statements, Plaintiff Scott Hasbrook ("Plaintiff") and Defendant Costco Wholesale Corporation ("Costco") hereby submit the following joint status report.

## 1.      Jurisdiction and Service

This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one which was removed to this Court by defendant pursuant to 28 U.S.C. section 1441(b) on the basis of diversity of citizenship.  Venue is proper pursuant to 28 U.S.C.

15773566v.1

1    sections 1391(a) and 1441(a), and Northern District Local Rule 3-2(C), because the state court

2    action was filed in Monterey County.

3    **2.**    **Facts**

4       Plaintiff contends that he was employed by Defendant for 22 years rising to the position

5    of department manager.  In the Fall of 2012 allegations of misconduct by Plaintiff were

6    presented to managing authorities in the person of Dennis Orsag.  Plaintiff contends Orsag failed

7    to undertake a reasonable and good faith investigation of the allegations against him and

8    terminated Plaintiff without just cause.  Plaintiff contends Orsag's motivation in terminating him

9    arose from Plaintiff's recent complaint of gender discrimination at Defendant Costco.

10       Plaintiff contends that the circumstances of his employment termination evidenced a

11    breach of the covenant of good faith and fair dealing by Defendant Costco as well as a breach of

12    their express and implied agreement to discharge only upon good cause as well as wrongful

13    termination in violation of public policy.

14       Defendants dispute Plaintiff's claims and assert that Plaintiff was terminated for the

15    legitimate non-discriminatory, non-retaliatory reason that engaged in serious misconduct and

16    violated the Manager's Standard of Ethics, including but not limited to, several violations of

17    Costco's Meat Policies. Moreover, Costco did not breach an implied or express contract with

18    Plaintiff when it terminated his employment. Accordingly, Plaintiff is not entitled to any

19    monetary damages or equitable relief.

20    **3.**    **Legal Issues**

21       Plaintiff asserts claims for: 1) tortious discharge in violation of public policy; 2) breach of

22    contract; and 3) breach of the covenant of good faith and fair dealing

23       Defendant denies the allegations in Plaintiff's First Amended Complaint and asserts

24    affirmative defenses as pled in its Answer.

25       Based on Plaintiff's representation of his claims the legal issues in this case are: 1)

26    whether Plaintiff  was terminated in violation of the public policy against retaliation for his

27    alleged complaints of gender discrimination, violation of company policy and reports of sagging

28

15773566v.1

1   morale; 2) whether Costco breached an implied or express contract when it terminated Plaintiff;

2   and 3) whether Costco breached the covenant of good faith and fair dealing when it terminated

3   Plaintiff.

4   **4.   Motions**

5        The individual Defendants filed a Rule 12(c) Motion for Judgment on the Pleadings. In

6   response Plaintiff agreed to file an First Amended Complaint dismissing the individual

7   Defendants as well as the claim for intentional infliction of emotional distress against Costco.

8   The First Amended Complaint was filed on July 11, 2013 and Defendants filed their Notice of

9   Withdrawal on August 12, 2013.  Defendants also anticipate filing a motion for summary

10  judgment or in the alternative summary adjudication to be heard on or before the law and motion

11  cutoff date.  The parties propose May 16, 2014 as the last day for hearing motions.

12  **5.   Amendment of Pleadings**

13       No further amendments to the pleadings are anticipated.

14  **6.   Evidence Preservation**

15       Both parties have taken steps to preserve evidence relevant to the issues reasonably

16  evident in this action, including preservation of any electronically recorded material.

17  **7.   Disclosures**

18       The parties have already exchanged the required initial disclosures as required by FRCP

19  26.

20  **8.   Discovery-Pursuant to FRCP 26(f)**

21       The Parties have agreed to the following discovery plan:

22       (A)   No changes should be made to the form or requirement for disclosures under Rule

23  26(a).

24       (B)   Defendants intend to depose plaintiff and any witnesses and experts designated by

25  plaintiff.  The parties have agreed that defendant may have up to 10 hours for plaintiff's

26  deposition if necessary. If the parties anticipate that it will last more than 6 hours the remaining 4

27  hours will be completed on a different day that is mutually agreeable to the parties.  Defendants

28

JOINT STATUS REPORT

15773566v.1

1   also anticipate serving written discovery.  Plaintiff anticipates deposition of the following

2   identified in his initial disclosure pursuant to Rule 26(a)(1) on July 10, 2013:  a) Dennis Orsag;

3   b) Gustavo Lopez; c) Melissa Edwards; d) Kim Camacho; e) Darby Greek; f) Vincent Silveira;

4   and g) Jeremy Hoffman.  These witnesses are all employees of Defendant who either participated

5   in the termination investigation or witnessed Plaintiff's termination.

6        Plaintiff submitted Request for Production of Documents to Defendant on July 8, 2013.

7   Defendant did not submit documents at the time of its Rule 26(a)(1) disclosure.  Consequently,

8   Plaintiff does not have the ability to assess the extent of discovery required in order to evaluate

9   the claim or prepare it for trial.

10        **(1)    Future proceedings.**

11        The parties propose the following dates:

12   Expert witness disclosures:                    May 30, 2014

13   Rebuttal expert witness disclosures:           June 16, 2014

14   Non-expert discovery cutoff:                   April 4, 2014

15   Expert discovery cutoff:                       July 18, 2014

16   Last Day for Law and Motion Hearings:          May 16, 2014

17   Pretrial conference:                           August 4, 2014

18   Trial:                                         September 2, 2014

19        (C)    The parties do not anticipate any issues surrounding the disclosure or discovery of

20   electronically stored information.

21        (D)    The parties do not anticipate any issues regarding claims of privilege or

22   protection. If unanticipated issues arise the parties will engage in good faith meet and confer

23   efforts in an attempt to reach a resolution.

24        (E)    No special procedures or changes should be made to the limitations on discovery

25   imposed under the Federal Rules of Civil Procedure or the Local Rules of this Court, with the

26   exception of the 7 hour time limit on plaintiff's deposition as noted above.

27        (F)    No other orders should be issued at this time under Rule 26(c) or 16(b) and (c).

28

JOINT STATUS REPORT

15773566v.1

**9.      Class Actions**

     Not applicable.

**10.     Related Cases**

     No other related cases or proceedings are currently pending before another judge of this court, before any other court, or any other administrative body.

**11.     Relief**

     Plaintiff seeks the following in damages:  Back pay of approximately $150,000.00 at time of trial, loss of earning capacity at an amount not yet ascertained; medical specials to date of $3,175.00 with future medical specials not yet ascertained.  Plaintiff seeks attorney's fees and costs as well as general damages in an unspecified sum.  General damages and the claimed punitive damages will be evaluated by Plaintiff after further discovery.

     Defendant anticipates challenging Plaintiff's alleged damages on the grounds that he was terminated for legitimate non-discriminatory/ non-retaliatory grounds and because Costco did not breach an implied or express contract with Plaintiff.

**12.     Settlement and ADR;**

     The parties discussed settling or resolving this case in compliance with FRCP 26(f)(2). The parties have elected to participate in the Court's Mediation Program after the completion of Plaintiff's deposition.

**13.     Consent to Magistrate For All Purposes**

     The parties have not consented to a Magistrate Judge.

**14.     Other References**

     Not applicable.

**15.     Narrowing of Issues**

     At this time, it is unknown whether issues can be narrowed.

**16.     Expedited Trial Procedure**

     The parties do not consent to an expedited schedule at this time.

**17.     Scheduling**

15773566v.1

1   See section 8(B)(1) above.

2   **18.     Trial**

3   Defendant estimates that the trial will require 7-10 full court days.   Plaintiff concurs in

4   this estimate with the caveats previously disclosed regarding discovery status.

5   **19.     Disclosure of Non-Party Interested Entities or Persons**

6   None.

7   **20.     Any other matters conducive to the just, efficient and economical determination of**

8   **the action.**

9   None known at this time

10  DATED: August 16, 2013                    SEYFARTH SHAW LLP

11

12                                            By: _____

13                                                Mark P. Grajski
                                                  Lindsay S. Fitch
14                                                Anthony J. Musante
                                              Attorneys for Defendant
15                                            COSTCO WHOLESALE CORPORATION

16

17

18  DATED:  August 16, 2013                   LAW OFFICES OF RALPH W. BOROFF, P.C.

19

20                                            By: _____

21                                                Ralph W. Boroff
                                              Attorney for Plaintiff
                                              SCOTT HASBROOK
22

23

24

25

26

27

28

6

15773566v.1